# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 14-22944-TPA |
|     Thomas J. Nee, | ) | |
| | ) | Adversary No. |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | Chapter 13 |
|     Thomas J. Nee, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Document No. |
| | ) | |
| Sterling Ross and Associates, LLC, | ) | Related to Document No. |
| | ) | |
| | ) | |
|     Defendant. | ) | |

**COMPLAINT FOR: I. VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362, II. CONTEMPT OF COURT, III. VIOLATION OF THE PENNSYLVANIAFAIR CREDIT EXTENSION UNIFORMITY ACT, AND IV. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**

AND NOW comes Plaintiff, Thomas J. Nee, by his attorney, Brian C. Thompson, Esquire, Thompson Law Group, P.C., and files the within Complaint for Violation of the Automatic Stay, Contempt of Court, Violation of the Pennsylvania Fair Credit Extension Uniformity Act, and Violation of the Fair Debt Collection Practices Act as follows:

1. Plaintiff, Thomas J. Nee (hereinafter "Debtor"), filed for Chapter 13 bankruptcy protection on July 22, 2014, and has resided within this jurisdiction at all times applicable herein.

2. Defendant, Sterling Ross and Associates, LLC assumed the debt of Jared Galleria of Jewelers, a creditor of Debtor who was duly listed on Debtors schedules and has been served with all of the Bankruptcy Court filings in Debtors case.

## COUNT I

## VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. SECTION 362

3. Paragraphs 1 through 2 are hereby incorporated as if the same were fully set forth at length herein.

4. On July 22, 2014, Debtor filed for bankruptcy and listed Jared Galleria of Jewelers on Schedule F. Jared Galleria of Jewelers was served with every notice in this case.

5. On September 23, 2014, Sterling Ross and Associates, LLC assumed the debt of Jared Galleria of Jewelers and sent an email to Debtor regarding a pre-petition debt. (See Exhibit "A").

6. On September 24, 2014 a representative of Sterling Ross and Associates, LLC contacted Debtor by phone and informed him that if the debt was not paid, they could file for an arrest warrant for theft of services. When Debtor asked for the appropriate paperwork, the representative stated that he could get it to him, but that the warrant would be set in motion by then and the only way to take care of this was an immediate payment. When Debtor stated he did not have the funds and was in bankruptcy, the representative proceeded to tell him he would see him in court.

7. On September 25, 2014 Debtor contacted Sterling Ross and Associates, LLC to provide information regarding his bankruptcy filing. The representative proceeded to tell Debtor he knew he was in bankruptcy and that Brian Thompson was the lawyer of record and even claimed to know the Judge that was assigned to the case. The representative informed the Debtor that he needed to pay $1,089.30 by 9:30 a.m. that morning or he would be in more trouble. Before disconnecting the call, the representative said "just remember, we have your social security number"

threatening the Debtor. On or about November 15, 2014, Defendant made further demands for money.

8. Defendant Sterling Ross and Associates, LLC is in violation of the automatic stay provision of the Federal Bankruptcy Code, 11 U.S.C. § 362, because Sterling Ross and Associates, LLC was given notice of Debtors' bankruptcy case and continuously contacted Debtors regarding a pre-petition debt in spite of said notice.

9. 11 U.S.C. Section 362(k) of the Federal Bankruptcy Code provides a Debtor several remedies against a creditor who willfully violates the automatic stay, including actual damages, costs, reasonable attorney's fees, and punitive damages.

WHEREFORE, Debtors respectfully request that this Honorable Court:

a. award actual and punitive damages to Debtors and against Defendant Sterling Ross and Associates, LLC;

b. award reasonable attorney's fees and costs to Debtors attorney;

c. order that Defendant Sterling Ross and Associates, LLC conduct an internal investigation and provide a report to the Court within 90 days explaining in detail how Sterling Ross and Associates, LLC bankruptcy procedures failed to comply with the automatic stay provision and detailing how Defendant intends to rectify its procedures to prevent future violations of the automatic stay; and

d. any other remedy seen fit by the Court.

## COUNT II

## CONTEMPT OF COURT

10. Paragraphs 1 through 9 are hereby incorporated as if the same were fully set forth at length herein.

11. Sterling Ross and Associates, LLC repeated disregard of the automatic stay provision of the Federal Bankruptcy Code (11 U.S.C. Section 362) demonstrates a continued disregard of the U.S. Bankruptcy Court.

12. Sterling Ross and Associates, LLC repeated disregard of the automatic stay provisions of the Federal Bankruptcy Code has caused Debtor to incur legal fees and expenses in connection with the preparation and filing of the within Adversary Complaint.

WHEREFORE, Debtor respectfully request that this Honorable Court enter an Order reimbursing them for legal fees and expenses incurred in connection with this Adversary Complaint.

## COUNT III

## VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

13. Paragraphs 1 through 12 are hereby incorporated as if the same were fully set forth at length herein.

14. Sterling Ross and Associates, LLC is in violation of the Pennsylvania Fair Credit Extension Uniformity Act, 71 P.S. §2270.1, *et. seq.*, which limits debt collection practices.

15. Sterling Ross and Associates, LLC contacted Debtor numerous times knowing that they had legal representation and Sterling Ross and Associates, LLC had knowledge of Debtors attorney's name and address, which was easily ascertainable from having received notices related to Debtors bankruptcy case.

WHEREFORE, Debtor respectfully requests that this Honorable Court:

    a.    award actual and statutory damages to Debtors and against Defendant Sterling Ross and Associates, LLC;

    b.    award reasonable attorney's fees and costs to Debtors' attorney for legal fees and expenses incurred in connection with this Adversary Complaint; and

    c.    any other remedy seen fit by the Court.

## COUNT IV

## VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT UNDER 15 U.S.C. §1692

16. Paragraphs 1 through 15 are hereby incorporated as if the same were fully set forth at length herein.

17. Defendant violated the Fair Debt Collection Practices Act (15 U.S.C. Section 1692) (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

18. Section 1692(k) of the FDCPA allows for the any person to receive compensation for any actual damages and up to $1,000.00 additional damages for a violation of the FDCPA.

19. Defendant's violations include, but are not limited to the following:

    a.    Defendant Sterling Ross and Associates, LLC violated Sections 1692(b)(6) and 1692(c)(2) by continuing to contact the Plaintiff even after they knew the Plaintiff was represented by an attorney. Furthermore, Defendant Sterling Ross and Associates, LLC has not made any effort to contact Plaintiff's attorney;

    b.    Defendant Sterling Ross and Associates, LLC violated Section 1692(c) by continuing to contact the Plaintiff after the Plaintiff had requested that the

Defendant Sterling Ross and Associates, LLC cease communication with the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. award actual and statutory damages to the Plaintiff and against Defendant Sterling Ross and Associates, LLC;

b. award reasonable attorney's fees and costs to Plaintiff's attorney; and

c. any other remedy seen fit by the Court.

Dated: November 19, 2014

/s/Brian C. Thompson, Esquire
Brian C. Thompson
PA ID: 91197
Thompson Law Group, P.C.
Penn Center East
400 Penn Center Blvd., Suite 306
Pittsburgh, PA 15235
(412) 823-8080 Telephone
(412) 823-8686 Facsimile
bthompson@thompsonattorney.com